UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA ELIAS BOYD,

               Plaintiff,

    v.

PAUL NELSON,

               Defendant.

CASE NO. 3:18-CV-05022-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: May 17, 2019

      The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendant Paul Nelson's Motion for Summary Judgment. Dkt. 32.

      After reviewing the relevant record, the Court finds Plaintiff Joshua Elias Boyd failed to overcome Defendant's summary judgment showing that there is no genuine issue of material fact regarding the claims alleged in the Complaint. Therefore, the Court recommends Defendant's Motion (Dkt. 32) be granted and this case be closed. The Court also recommends this case be deemed a "strike" under 28 U.S.C. § 1915(g).

## I. Background

Plaintiff, an inmate housed at the Stafford Creek Corrections Center ("SCCC"), alleges Defendant violated his First and Fourteenth Amendment rights. Dkt. 7. Plaintiff contends Defendant retaliated against Plaintiff when Plaintiff quit his job at the barbershop by issuing a false misbehavior report against Plaintiff stating Plaintiff had charged other inmates for barber services. *Id*. Plaintiff asserts that, as a result of the false misbehavior report, Plaintiff was terminated from his employment at the barbershop and Defendant instructed Plaintiff's cell to be searched for any contraband related to the false misbehavior report. *Id*.

Defendant filed the Motion on October 12, 2018. Dkt. 32. After extensions of time to complete discovery and respond to the Motion, Plaintiff filed a Response to the Motion on March 29, 2019. *See* Dkt. 37, 43, 44-45. Defendant filed his Reply on April 4, 2019. Dkt. 46.

## II. Standard of Review

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute,

requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**III.    Discussion**

Plaintiff alleges Defendant's actions violated his First and Fourteenth Amendment rights. Dkt. 7. Defendant asserts there is no genuine issue of material fact remaining in this case and, therefore, summary judgment is appropriate. Dkt. 32. The Court agrees.

A.   Evidence

The evidence shows Plaintiff was employed as a barber at SCCC. Dkt. 33, Nelson Dec., ¶ 4; Dkt. 7. Plaintiff was part of a larger group of barbers who presented demands to Defendant concerning privileges the barbers should receive. Dkt. 33, Nelson Dec., ¶ 5. Defendant prepared and presented responses to the demands on September 20, 2017. *Id*. at ¶ 6; *see also* Dkt. 45, Boyd Dec., ¶ 2. Defendant informed the group of barbers "that if they wanted to quit then and there, they could do so without being infracted." Dkt. 33, Nelson Dec., ¶ 6. He advised the group of barbers that if they threatened to quit again, he "would take them at their word and their terminations would be processed as normal." *Id*.

Defendant's evidence shows that, on October 5, 2017, Plaintiff informed Defendant that he was quitting the barbershop job after Plaintiff learned he was not going to be allowed to leave the barbershop during his shift to lift weights. *Id*. Plaintiff completed his existing haircut, was searched, returned his barbershop equipment, and was sent back to his housing unit. *Id*. Defendant wrote an initial serious infraction report for Plaintiff, which is standard procedure when any inmate quits or is fired from a prison job. *Id*. at ¶ 12. Defendant wrote the infraction because Plaintiff quit more than two weeks after Defendant had allowed the barbers to quit

without being infracted. *Id*. Plaintiff was infracted for "failing to seek/maintain employment or training or maintain oneself financially," in violation of Washington Administrative Code 137-25-030(810) *Id*.; Dkt. 33-1, p. 10. Plaintiff's termination was later deemed to be "dropped due to extraordinary circumstances" and he was found "not guilty" of the infraction. Dkt. 33, Nelson Dec., ¶ 13; Dkt. 33-1, p. 13.

It was Defendant's normal practice to request a cell search "any time an individual was suspended or terminated from a position in the recreation department." Dkt. 33, Nelson Dec., ¶ 9. Searches are a normal occurrence in prison and a search is important in the barbershop context to ensure barbershop items are returned to the shop. *Id*. at ¶ 10. Following his termination, Plaintiff's cell was searched to the best of Defendant's knowledge. *Id*. at ¶ 9. Defendant did not direct anyone to confiscate any of Plaintiff's items. *Id*. at ¶ 10. However, during the search, the searching officers found contraband and Plaintiff received a general infraction. *Id*.

Defendant was not aware Plaintiff was charging other inmates for haircuts and never accused him of doing so. Dkt. 33, Nelson Dec., ¶ 11.

Plaintiff evidence shows that, on October 5, 2017, Plaintiff informed Defendant he could no longer work as a barber after the conditions of his employment changed, but offered to continue working until Defendant found a replacement. Dkt. 7, ¶ 12.[1] Plaintiff did not state that he "quit." *Id*. The next day, on October 6, 2017, Defendant made a false misbehavior report stating Plaintiff was charging other inmates for barber services, leading to Plaintiff's termination from the barbershop. *Id*. at ¶ 13. Defendant "imposed a serious infraction upon [Plaintiff] when

---

[1] Because Plaintiff is *pro se*, the Court "must consider as evidence in his opposition to summary judgment all of [Plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

[Plaintiff] did not violate any of the . . . Department of Corrections polic[ies] for behavior reasonings." Dkt. 45, Boyd Dec., ¶ 4. Defendant also directed prison officials to search Plaintiff's cell for contraband. Dkt. 7, ¶ 14.

### B. First Amendment Claim

To prevail on a retaliation claim, a plaintiff must allege and prove the defendant retaliated against him for exercising a constitutional right and the retaliatory action did not advance legitimate penological goals or was not narrowly tailored to achieve such goals. *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). A prisoner suing a prison official under § 1983 for retaliation for engaging in protected speech must allege "the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity." *Rizzo v. Dawson,* 778 F.2d 527 (9th Cir. 1983).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). "Mere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

While it is unclear what protected conduct Plaintiff alleges he engaged in, Plaintiff has not provided a causal connection between the alleged protected conduct and the adverse action. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (to state a retaliation claim, "the plaintiff must allege a causal connection between the adverse action and the protected conduct"). Plaintiff provides mere speculation that Defendant retaliated against him. *See* Dkt. 7; Dkt. 45. Plaintiff states Defendant issued a false infraction report against Plaintiff because Plaintiff quit his job as a barber after there was a change in the working conditions. *See* Dkt. 7. However, there is no evidence, beyond Plaintiff's conclusory allegation, that Defendant issued an infraction against

Plaintiff and directed Plaintiff's cell to be searched out of retaliation for Plaintiff quitting his job. There is no evidence Plaintiff was infracted for charging inmates for barbershop services. Rather, the evidence shows Defendant issued an infraction against Plaintiff because Plaintiff failed to maintain employment in violation of the Washington Administrative Code. *See* Dkt. 33, Nelson Dec., Dkt. 33-1; Dkt. 44-2; *see also* Dkt. 45, Boyd Dec. Plaintiff's cell was then searched as a standard practice when a prisoner's employment is terminated. *See* Dkt. 33, Nelson Dec., ¶¶ 9-10.

Plaintiff fails to provide anything more than speculation that he was falsely infracted and his cell was searched in retaliation for quitting his job as a barber. Dkt. 7, 44, 45. Therefore, Plaintiff has failed to overcome Defendant's showing that there is no genuine issue of material fact remaining regarding Plaintiff's First Amendment retaliation claim. *See California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (Mere disagreement or the bald assertion stating a genuine issue of material fact exists does not preclude summary judgment.); *Barstad v. Dep't. of Corrections*, 2015 WL 1867082, at *26-27 (W.D. Wash. April 23, 2015) (finding summary judgment in favor of the defendant where the prisoner plaintiff failed to present admissible evidence showing the defendant issued infractions based on a motivation to retaliate); *Watts v. Ruggiero*, 2016 WL 916233, at *20 (E.D. Cal. March 20, 2016) (granting summary judgment when a prisoner plaintiff provided no evidence to support his allegation that he was retaliated against or to rebut the defendant's sworn statement). Accordingly, the Court recommends the Motion be granted as to Plaintiff's retaliation claim.

C. Fourteenth Amendment Claim

In the Complaint, in a conclusory manner, Plaintiff states Defendant violated his Fourteenth Amendment rights. Dkt. 7, p. 9. Defendant maintains Plaintiff has not stated a

Fourteenth Amendment claim. *See* Dkt. 32, pp. 8-9. Plaintiff does not address this allegation in his Response to the Motion. *See* Dkt. 44.

Pursuant to the Due Process Clause of the Fourteenth Amendment, "no state shall 'deprive any person of life, liberty, or property without due process of law.'" *Toussaint v. McCarthy*, 801 F.3d 1080, 1089 (9th Cir. 1986), *overruled on other grounds*, *Sandin v Conner*, 515 U.S. 472 (1995). The due process guarantees of the Fourteenth Amendment thus "apply only when a constitutionally protected liberty or property interest is at stake." *Tellis v.Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993).

Plaintiff's entire Fourteenth Amendment claim is as follows:

> Defendant Nelson's actions chilled Plaintiff's exercise of rights guaranteed by the First, (sic) and Fourteenth Amendments to the United States Constitution.

Dkt. 7, ¶ 18. Based on Plaintiff's cursory reference to the Fourteenth Amendment, the Court finds Plaintiff is not attempting to assert a Fourteenth Amendment claim. Regardless, the Court finds Plaintiff has not stated a Fourteenth Amendment claim.

Plaintiff contends his rights were violated when he was terminated from his job at the barbershop and his cell was searched. Plaintiff has not shown, nor does the Court find, there is a liberty or property interest at stake in prison employment and prison cell searches. *See Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (stating there is no liberty interest in prison employment); *Mitchell v. Dupnik*, 75 F.3d 517, 523 (9th Cir. 1996) (finding regulation allowing random cell searches did not create a liberty interest). Plaintiff also states Defendant issued a false infraction against Plaintiff. Dkt. 7. However, as Plaintiff's infraction was dismissed, his confinement was not extended in any way as a result of the infraction. *See* Dkt. 33, Nelson Dec., ¶ 13; Dkt. 33-1, pp. 8, 13. Thus, the evidence fails to show Plaintiff's Fourteenth Amendment rights were violated because Defendant issued an infraction against Plaintiff. *See Morton v.*

*Johanson*, 2018 WL 1721940, at *5 (W.D. Wash. Feb. 9, 2018) (finding the plaintiff no longer had a liberty interest when previously revoked credits were restored); *Helm v. Hughes*, 2010 WL 597431, at *6 (W.D. Wash. Feb. 16, 2010) (finding the plaintiff did not lose any good time credits or have his sentence extended following an infraction and therefore failed to allege a due process violation). Accordingly, to the extent Plaintiff alleges his due process rights were violated, the Court recommends Defendant's Motion be granted as to the Fourteenth Amendment claim.

### D. Frivolousness

Defendant asserts this Court should find this action is frivolous and constitutes a strike pursuant to the Prison Litigation Reform Act ("PLRA"). Dkt. 32, pp. 10-11. The PLRA provides, in relevant part:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Here, the Court finds Plaintiff's claims are frivolous. Plaintiff alleged Defendant falsified a serious infraction, stating Plaintiff was charging inmates for barbershop services, violating Plaintiff's constitutional rights. Dkt. 7. The evidence shows Plaintiff did not receive an infraction for charging inmates for barbershop services. Rather, Plaintiff received an infraction for failing to maintain employment. *See* Dkt. 33, Nelson Dec.; Dkt. 33-1; Dkt. 44; Dkt. 45. The Court finds Plaintiff's claims, based on false statements made under penalty of perjury, are frivolous. Accordingly, the Court recommends this case be deemed a "strike" under § 1915(g). *See West v. Snohomish Cty.*, 2007 WL 2908189, at *3 (W.D. Wash. Oct. 5, 2007) (counting a dismissal as a strike where the claims were wholly unsupported by the record).

## IV. Conclusion

For the above stated reasons, the Court finds Plaintiff has failed to overcome Defendant's showing that there is no genuine issue of material fact remaining in this case. Accordingly, the Court recommends Defendant's Motion (Dkt. 32) be granted and this case be closed. The Court also recommends this case be deemed a "strike" under § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May 17, 2019, as noted in the caption.

Dated this 1st day of May, 2019.

David W. Christel
United States Magistrate Judge